SUPERIOR COURT OF THE DISTRICT OF COLUMBIA - CIVIL

Michael Smith, et al.

vs.

Government of the District of Columbia

No. 2005 CA 009703 B

**AFFIDAVIT OF SERVICE**

FILED
CIVIL ACTIONS BRANCH
DEC 27 2005
Superior Court
of the District of Columbia
Washington, D.C.

to wit: Washington, DC

    I, DANIEL F. PORTNOY, having been duly authorized to make service of the Summons, Complaint and Initial Order in the above entitled case, hereby depose and say:

    That my date of birth is 11-26-1971.

    That my place of business is 1827 18th Street, N.W., Washington, D.C. 20009-5526 (202) 667-0050.

    That service was made by a private process server.

    That I am not a party to or otherwise interested in this suit.

    That at 3:30 pm on December 22, 2005, I served Government of the District of Columbia c/o Darlene Fields, Office of the Attorney General at 441 4th Street, NW, 6th Floor South, Washington, DC 20001 by serving Tonia Robinson, Agent, authorized to accept. Described herein:

```
    SEX-     FEMALE
    AGE-     35
    HEIGHT-  5'6"
    HAIR-    BLACK
    WEIGHT-  130
    COLOR-   BLACK
```

    I do solemnly declare and affirm under the penalty of perjury that the matters and facts set forth herein are true to the best of my knowledge, information and belief.

DANIEL F. PORTNOY
Our File#- 163739

SUBSCRIBED and SWORN to before me this 27th day of December 2005.

Angela H. Croscen
Notary Public

My commission expires: 03-31-09

Case: 2005 CA 009703 B
Dkt: CIVASSC

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA - CIVIL

Michael Smith, et al.

vs.

Government of the District of Columbia

No. 2005 CA 009703 B

**AFFIDAVIT OF SERVICE**

to wit: Washington, DC

I, DANIEL F. PORTNOY, having been duly authorized to make service of the Summons, Complaint and Initial Order in the above entitled case, hereby depose and say:

That my date of birth is 11-26-1971.

That my place of business is 1827 18th Street, N.W., Washington, D.C. 20009-5526 (202) 667-0050.

That service was made by a private process server.

That I am not a party to or otherwise interested in this suit.

That at 2:40 pm on December 22, 2005, I served Government of the District of Columbia c/o Mayor Anthony Williams at 1350 Pennsylvania Avenue, NW, Room 419, Washington, DC 20004 by serving Donita Andrews, Receptionist, authorized to accept. Described herein:

```
    SEX-   FEMALE
    AGE-   25
 HEIGHT-   5'6"
   HAIR-   BLACK
 WEIGHT-   120
  COLOR-   BLACK
```

I do solemnly declare and affirm under the penalty of perjury that the matters and facts set forth herein are true to the best of my knowledge, information and belief.

DANIEL F. PORTNOY
Our File#- 163742

SUBSCRIBED and SWORN to before me this 27th day of December, 2005.

My commission expires: 03-31-09

Notary Public

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL SMITH,
402 N. Commerce Street
Culpepper, VA

KATIE SMITH,
402 N. Commerce Street
Culpepper, VA

    Plaintiffs,

v.

GOVERNMENT OF THE DISTRICT,
OF COLUMBIA, John A. Wilson
Building, 1350 Pennsylvania Avenue,
Washington, D.C., 20004

    Defendant.

FILED
CIVIL ACTIONS BRANCH
DEC 2 1 2005
Superior Court
of the District of Columbia
Washington, D.C.

Case No. _____

SERVE: DARLENE FIELDS
Office of the Attorney-General
441 4th St., NW 6th Fl. South
Washington, DC 20001
05-000703

SERVE: MAYOR ANTHONY A. WILLIAMS
C/O TABATHA BRAXTON
1350 Pennsylvania Ave, NW
Washington, DC 20004 Room 419

## COMPLAINT

Plaintiffs Michael and Katie Smith (collectively "Plaintiffs"), by and through their undersigned counsel, file this Complaint against the Government of the District of Columbia ("District"), and allege as follows:

### INTRODUCTION

1.    This suit arises from the failure of the Defendant District to carry out the closure of a residential apartment building located at 108 Atlantic Street, SE, Washington, DC ("Building") in a manner that comports with the United States Constitution, the District's express promises to the tenants of the Building, and the District's common law duties to the tenants of the Building. As a result of this parade of



failures, Plaintiffs lost the roof over their heads and the vast majority of their personal property.

2. As described more fully herein, the District ordered Plaintiffs to vacate the Building in light of purported code violations. The District also told Plaintiffs to leave the vast majority of their property at the Building, and promised to safeguard the property. The District did not give Plaintiffs notice of their right to challenge the order to vacate or to have their property returned.

3. Nor did the District protect Plaintiffs' property as it had promised and as it was required to do by law.

4. Upon information and belief, following the closure of the Building, Plaintiffs' apartment was ransacked and their personal property was stolen, damaged, and destroyed.

## THE PARTIES

5. Plaintiff Michael Smith is a resident of Virginia. On January 31, 2003, Mr. Smith resided in Apartment 204, 108 Atlantic Street, SE pursuant to a lease.

6. Plaintiff Katie Smith is a resident of Virginia. On January 31, 2003, Ms. Smith resided in Apartment 204, 108 Atlantic Street, SE pursuant to a lease.

7. Defendant Government of the District of Columbia is a municipal corporation.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the claims pursuant to D.C. Code § 11-921 (1981) and 42 U.S.C. §1983.

9. Venue is proper in this Court.

814908 KENNERI 12/28/2005 11:54:19 AM

## INAPPLICABILITY OF D.C. CODE § 12-309

10. The notice requirements of DC Code § 12-309 do not apply to Plaintiffs' claims against the District. In the event that the notice requirements of DC Code § 12-309 do apply, they have been satisfied by the filing of a police report.

## FACTS

11. At all relevant times, Plaintiffs had a leasehold interest in their apartment located in the Building.

12. Certain of the tenants of the Building spoke to Mayor Anthony Williams about the Building when the Mayor was in the neighborhood in late-January 2003. Mayor Williams visited the Building and promised the tenants that he would take action. Unfortunately, it was the actions initiated following the Mayor's visit that have led to Plaintiffs losing the majority of their personal property, as well as the roof over their heads.

13. On January 31, 2003, the District decided to close the Building.

14. Plaintiffs were told that they would have to vacate the Building within a few hours of the decision to close.

15. Employees and agents of the District also instructed Plaintiffs and other tenants that they should leave the majority of their personal property in their apartments and only take with them items they would need for the next few days. When certain of the Building's tenants raised concerns about the security of their property and requested an opportunity to remove the property from the Building, the District informed plaintiffs that it would ensure the safe-keeping of their property. In addition, the District told

Plaintiffs that they would be able to reenter the Building promptly to arrange for storage of their property.

16.     With no choice but to follow the District's order to vacate, and to rely on the District's assurances regarding the safekeeping of their property, Plaintiffs left the Building on the evening of January 31, 2003.

17.     At the time of closure, the District recognized its obligation to protect Plaintiffs' personal property. A letter from the Fire and Emergency Medical Services Department describing the closure stated: "The building should be secured as soon as possible to insure that the tenants belongings are protected." Letter from Frederick Hollis to James Aldridge (Jan. 31, 2003). Similarly, the Administrator of the Housing Regulation Administration acknowledged: "DCRA was requested to secure and barricade the building ... to protect the property of the tenants." Electronic Mail from James Aldridge to Kerry Payne, Lynn French, and Barbara Childs-Pair (Apr. 17, 2003).

18.     The District did not provide Plaintiffs with notice of a right to challenge, either pre-deprivation or post-deprivation, their eviction from the Building or the District's instructions to leave their personal property in the Building. Nor did the District inform Plaintiffs which agency or agencies were responsible for the closure of the Building or the retention of their property.

19.     The District's promise that Plaintiffs would be allowed back in the Building quickly proved to be inaccurate as days turned into weeks and then months. When Plaintiffs and the other ousted tenants inquired about the status of the Building, they were repeatedly told by the District that the District was repairing the Building and that their personal property was safe.

20. On or about April 12, 2003, Plaintiffs' apartment was broken into, looted, and much of their personal property stolen, destroyed, and/or vandalized. Upon information and belief, the landlord was involved in the ransacking of the closed Building which the District had promised to safeguard. A contractor assisting the District with the closure described the situation to several high-ranking District officials as follows:

> The majority of tenants' belongings had been removed from the individual units. Some of the furniture was still in the yard around the building (mattresses, dressers, toys, etc.). Many of the remaining items were destroyed. The building had been ransacked. It definitely appeared as if someone went through the building and intentionally destroyed the property. Ceilings had collapsed (?), doors were removed, clothes were all over the floor, papers were everywhere, appliances had been moved around and left open, etc.

Electronic Mail from Mary Douglas to Marian Siegel, Kerry Payne, Barbara Childs, Lynn French, Lupe Mena, and Anita Ballantyne (Apr. 16, 2003).

21. Upon information and belief, following the closure of the Building, the District hired a private security firm to provide 24 hour security in order to protect Plaintiffs' personal property. However, the District did not hire security services for April 12, 2004.

22. Contrary to its promises and repeated representations to Plaintiffs, the District did not make the repairs to the Building that it had promised Plaintiffs it would make.

23. Upon information and belief, the conditions in the Building did not warrant closure without pre-deprivation due process. The District had been familiar with the conditions of the Building for quite some time.

## FIRST CAUSE OF ACTION—VIOLATION OF 42 U.S.C. § 1983

24. Plaintiffs repeat and re-allege the allegations of paragraphs 1-23 as if fully set forth herein.

25. Plaintiffs had a constitutionally-protected property interest in their continued residency at the Building, as well as in their personal property.

26. Plaintiffs had a constitutional right to notice and a hearing prior to the deprivation of their property interests.

27. In the alternative, if emergency conditions made a pre-deprivation hearing impossible, Plaintiffs were entitled to affirmative notice and a prompt post-deprivation hearing.

28. The District's closure of the Building and ordering of Plaintiffs to vacate the Building and leave their property in the Building was under color of law and constitutes state action for purposes of 42 U.S.C. § 1983.

29. The District failed to provide Plaintiffs with the process required by the Due Process Clause of the Fifth Amendment to the United States Constitution when it ordered Plaintiffs to vacate and to leave their property in the Building. Specifically, Plaintiffs were entitled to but did not receive pre-eviction notice of their right to challenge the closure and the retention of their property by the District and an opportunity for a meaningful pre-deprivation hearing or, in the event that emergency conditions made a pre-deprivation hearing impossible, affirmative notice and a prompt and meaningful post-deprivation hearing.

30. Upon information and belief, it is the official policy of the District not to provide tenants being ordered to vacate (as a result of alleged DC code violations) with

6

notice of the right to challenge the closure and/or the District's retention of tenants' property (where the District instructs tenants to leave their property at the closed building).

31. Upon information and belief, the District follows a detailed written policy for the closure of "distressed properties" that omits and does not include notice to tenants being ordered to vacate (as a result of alleged DC code violations) of their right to challenge the closure and/or the District's retention of tenants' property (where the District instructs tenants to leave their property at the closed building).

32. The District has denied in court filings that it is required to provide tenants whom the District orders to vacate their buildings with affirmative notice of their right to challenge the building's closure.

33. Upon information and belief, the District's failure to provide the constitutionally required notice is so consistent that is has become custom.

34. Upon information and belief, the closure of 108 Atlantic St. and retention of Plaintiffs' property constituted the actions of a final policymaker.

35. Upon information and belief, the District fails to train its employees and agents who carry out closures of buildings to provide constitutionally mandated notice. This failure represents a deliberate indifference to the risk that not providing the training will result in constitutional violations. The District knew or should have known the risk of constitutional violations.

36. As a direct, proximate, and foreseeable consequence of the District's failure to provide Plaintiffs with the process required by law, Plaintiffs have been

7

harmed, continue to be harmed, and have been damaged in an amount to be determined at trial.

37. The District's failure to provide Plaintiffs with the constitutionally required notice was the moving force behind Plaintiffs' constitutional injuries.

38. Plaintiffs do not have an adequate remedy at law.

39. Plaintiffs also are entitled to declaratory and injunctive relief.

### SECOND CAUSE OF ACTION-BREACH OF BAILMENT (AGAINST THE DISTRICT)

40. Plaintiffs repeat and re-allege the allegations of paragraphs 1-39 as if fully set forth herein.

41. A bailment between the District and Plaintiffs was formed when the District assumed possession and control over Plaintiffs' personal property at the time of the District's order to vacate and leave the property in the Building.

42. The bailment was one for the sole benefit of the District.

43. In the alternative, the bailment was one of mutual benefit.

44. The District breached its duty as bailee by failing to safeguard Plaintiffs' property. The District knew that the Building is located in a high-crime area. Yet, the District did not take adequate steps to protect Plaintiffs' property, including, *inter alia*, providing sufficient physical barriers and on-site security.

45. As a direct, proximate, and foreseeable result of the District's breach of its bailment, Plaintiffs' personal property was stolen, destroyed, and/or damaged.

46. As a result of the District's breach of its bailment, Plaintiffs have been harmed, continue to be harmed, and have been damaged in an amount to be determined at trial.

814998 KENNERLI 12/28/2005 11:54:19 AM

## THIRD CAUSE OF ACTION-NEGLIGENCE
## (AGAINST THE DISTRICT)

47. Plaintiffs repeat and re-allege the allegations of paragraphs 1-46 as if fully set forth herein.

48. The District owed a special duty to Plaintiffs. This duty arose from, *inter alia*, the fact that (a) the District had direct and continuing contact with Plaintiffs and expressly promised to safeguard Plaintiffs' property during the period that the Building was closed, and (b) Plaintiffs justifiably relied on the District's promises.

49. The District breached its duty when it failed to protect Plaintiffs' property by, *inter alia*, providing sufficient physical barriers and on-site security. As the result of the District's breach of its duty, Plaintiffs' personal property was stolen, damaged, and destroyed.

50. The District's breach of its duty was the proximate cause of the Plaintiffs' loss of their property.

51. As the direct, proximate, and foreseeable result of the District's negligence, Plaintiffs have been harmed, continue to be harmed, and have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request relief as follows:

1. That the Court determine, declare, and adjudicate the rights of the parties.

2. An order awarding Plaintiffs compensatory damages from Defendant for the value of their property that was stolen, damaged, and destroyed; lost wages; pain and suffering; and other incidental and consequential damages.

3. An order awarding Plaintiffs their attorneys' fees, expenses, and costs, as allowed by law.

4. An order declaring that the District's policy of evicting tenants without notice and a right to a hearing violates the Due Process Clause of the Fifth Amendment to the United States Constitution.

5. An order preliminarily and permanently enjoining the District from carrying out evictions of residential tenants of buildings alleged by the District to violate code regulations without comporting with the notice and hearing requirements of the Due Process Clause of the Fifth Amendment to the United States Constitution.

6. Such other further relief as the Court may deem just and equitable.

**PLAINTIFFS DEMAND A TRIAL BY JURY**

Respectfully Submitted,

/s/ Daniel A. Cantor

Daniel A. Cantor (DC Bar No. 457115)
Joshua P. Wilson (DC Bar No. 487829)
A. Bondurant Eley (DC Bar No. 486166)
ARNOLD & PORTER LLP
555 12th Street NW
Washington, DC 20004
202-942-5000 (phone)
202-942-5999 (fax)

Counsel for Plaintiffs

Date:   December 21, 2005

11

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

Michael Smith and Katie Smith

*Plaintiff*

vs.

Government of the District of Columbia

*Defendant*

05-0009703

Civil Action No.

SERVE:  Darlene Fields
Office of the Attorney General
441 4th Street, NW, 6th Flr. South
Washington, DC 20001
202-727-6295

**SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Daniel A. Cantor
Name of Plaintiff's Attorney

Arnold & Porter, LLP
Address
555 Twelfth St. NW, Washington, DC 20004

202-942-5000
Telephone

By _____
Deputy Clerk

Date DECEMBER 21, 2005

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 93

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the **Neighborhood Legal Services (682-2700) for help** or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

Michael Smith and Katie Smith

*Plaintiff*

vs.

Civil Action No. 0203

Government of the District of Columbia

*Defendant*

SERVE: Mayor Anthony A. Williams
c/o Tabatha Braxton
1350 Pennsylvania Ave., NW
Room 419
Washington, DC 20004

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Daniel A. Cantor
Name of Plaintiff's Attorney

Arnold & Porter, LLP
Address
555 Twelfth St. NW, Washington, DC 20004

202-942-5765
Telephone

By _____
Deputy Clerk

Date December 21, 2005

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6-454/Mar. 93)   NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

# Superior Court of the District of Columbia
CIVIL DIVISION — CIVIL ACTIONS BRANCH

## INFORMATION SHEET

05-0009703

Michael Smith and Katie Smith
vs.
Government of the District of Columbia

Case Number: 

Date: December 21, 2005

Name: Daniel A. Cantor
Firm Name: Arnold & Porter, LLP
Telephone No.: 202-942-5765
Unified Bar No.: 457115

Relationship to Lawsuit
● Attorney for Plaintiff
○ Self (Pro Se)
Other:

TYPE OF CASE:  ○ Non-Jury    ○ 6 Person Jury    ● 12 Person Jury

Demand: $ EXCEEDS $5,000    Other: Equitable Relief

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.          Judge                    Calendar #
Case No.          Judge                    Calendar #

NATURE OF SUIT: (Check One Box Only)

**A. CONTRACTS**
- ☐ 01 Breach of Contract
- ☐ 02 Breach of Warranty
- ☐ 06 Negotiable Instrument
- ☐ 15 Other:
- ☐ 07 Personal Property
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance

COLLECTION CASES
- ☐ 14 Under $25,000 Pltf. Grants Consent
- ☐ 16 Under $25,000 Consent Denied
- ☐ 17 OVER $25,000

**B. PROPERTY TORTS**
- ☐ 01 Automobile
- ☐ 02 Conversion
- ☐ 07 Shoplifting, D.C. Code § 3441
- ☒ 03 Destruction of Private Property
- ☐ 04 Property Damage
- ☐ 05 Trespass
- ☒ 06 Other: Civil Rights Action (§ 1983); Breach of Bailment

**C. PERSONAL TORTS**
- ☐ 01 Abuse of Process
- ☐ 02 Alienation of Affection
- ☐ 03 Assault and Battery
- ☐ 04 Automobile
- ☐ 05 Deceit (Misrepresentation)
- ☐ 06 False Accusation
- ☐ 07 False Arrest
- ☐ 08 Fraud
- ☐ 09 Harassment
- ☐ 10 Invasion of Privacy
- ☐ 11 Libel and Slander
- ☐ 12 Malicious Interference
- ☐ 13 Malicious Prosecution
- ☐ 14 Malpractice Legal
- ☐ 15 Malpractice Medical
- ☐ 16 Negligence
- ☐ 17 Personal Injury
- ☐ 18 Wrongful Death
- ☐ 19 Wrongful Eviction
- ☐ 20 Other:
- ☐ 21 Asbestos
- ☐ 22 Toxic/Mass Torts

Form CV(6)-496/Feb. 95

**D. OTHERS**

I.
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 04 Condemnation (Emin. Domain)
- ☐ 05 Ejectment
- ☐ 07 **Insurance/Subrogation Under $25,000 Pltf. Grants Consent**
- ☐ 08 Quiet Title
- ☐ 09 Special Writ (Specify)

- ☐ 10 T.R.O./Injunction
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (D.C. Code 164315)

- ☐ 25 Other:
- ☐ 26 **Insurance/Subrogation Under $25,000 Consent Denied**
- ☐ 27 **Insurance/Subrogation Over $25,000**

II.
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [6-2713(h) or 36-3 19(a)]
- ☐ 20 Master Meter (D.C. Code 43-541, et seq.)

- ☐ 21 Petition for Subpoena [Rule 28-1(b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27 (a)(l) (Perpetuate Testimony)



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MICHAEL SMITH
Vs.
GOVERNMENT OF THE DISTRICT OF COLUMBIA

C.A. No.    2005 CA 009703 B

### INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge JUDITH E RETCHIN
Date: December 21, 2005
Initial Conference: 9:30 am, Friday, March 24, 2006
Location: Courtroom 220
500 Indiana Avenue N.W.
WASHINGTON, DC 20001

Caio.doc