UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL SMITH, *et al.*,              ) | |
|                                        ) | |
|         Plaintiffs,                    ) | |
|                                        ) | |
| v.                                     ) | Civil Action No. 06-0117 (RWR) |
|                                        ) | |
| DISTRICT OF COLUMBIA,                  ) | |
|                                        ) | |
|         Defendant.                     ) | |

DEFENDANT DISTRICT OF COLUMBIA'S ANSWER
TO PLAINTIFFS' COMPLAINT

First Defense

Plaintiffs have failed to state a claim upon which relief can be granted.

Second Defense

Defendant District of Columbia responds to the numbered averments as follows:

1.-3.   The District denies the allegations set forth in ¶¶ 1 through 3 of the Complaint.

4.   This defendant is without sufficient information to either admit or deny the allegations set forth in ¶ 4 of the Complaint.  To the extent a response is required, this defendant denies the allegations.

The Parties

5.-6.   This defendant is without sufficient information to either admit or deny the allegations set forth in ¶¶ 5 and 6 of the Complaint.  To the extent a response is required, this defendant denies the allegations.

7.   This defendant admits that it is a municipality.

### Jurisdiction and Venue

8.-9.   The allegations set forth in ¶¶ 8 and 9 of the Complaint state the legal conclusions of plaintiffs to which no response is required.

### Inapplicability of D.C. Code § 12-309

10.   This defendant denies the allegations set forth in ¶ 10 of the Complaint.

### Facts

11.-16. This defendant lacks sufficient information at this time to either admit or deny the allegations set forth in ¶¶ 11 through 16 of the Complaint. To the extent a response is required, this defendant denies the allegations.

17.-18. The allegations set forth in ¶¶ 17 and 18 of the Complaint state the conclusions of plaintiffs to which no response is required. To the extent a response is required, this defendant denies the allegations.

19.-23.  This defendant lacks sufficient information at this time to either admit or deny the allegations set forth in ¶¶ 19 through 23 of the Complaint.

### First Cause of Action – Violation of 42 U.S.C. § 1983

24.   This defendant repeats its responses set forth in ¶¶ 1 through 23 as if fully set forth herein.

25.-28. The allegations set forth in ¶¶ 25 through 28 state legal conclusions to which no response is required by this defendant. To the extent a response is required, this defendant denies the allegations.

29.-30. This defendant denies the allegations set forth in ¶¶ 29 and 30 of the Complaint.

31.   This defendant denies the allegations set forth in ¶ 31 of the Complaint.

32. The allegations in ¶ 32 are the conclusions of the pleader to which no response is required by this defendant. Further answering, the court records speak for themselves.

33.-39. This defendant denies the allegations set forth in ¶¶ 33 through 39 of the Complaint.

### Second Cause of Action – Breach of Bailment

40. This defendant repeats its responses set forth in ¶¶ 1-39 as if fully set forth herein.

41.-43. The allegations set forth in ¶¶ 41-43 state legal conclusions to which no response is required by this defendant. To the extent a response is required, this defendant denies the allegations.

44.-46. This defendant denies the allegations set forth in ¶¶ 44 through 46 of the Complaint.

### Third Cause of Action - Negligence

47. This defendant repeats its responses set forth in ¶¶ 1-46 as if fully set forth herein.

48. The allegations set forth in ¶ 48 state legal conclusions to which no response is required by this defendant. To the extent a response is required, this defendant denies the allegations.

49.-51. This defendant denies the allegations set forth in ¶¶ 49 through 51 of the Complaint.

Further answering, this defendant herein denies any all allegations of wrongful conduct, intentional or otherwise, not specifically admitted to or otherwise answered.

### THIRD DEFENSE

Plaintiffs' claims are not cognizable under the Fifth Amendment.

## FOURTH DEFENSE

Plaintiffs' claims do not rise to the level of constitutional violations.

## FIFTH DEFENSE

The actions of this defendant, by and through its agents/or employees were reasonably necessary to effect, maintain and enforce the laws of the United States of America and/or the District of Columbia.

## SIXTH DEFENSE

The actions of this defendant, by and through its agents and/or employees, were taken in good faith and with a reasonable belief in their lawfulness.

## SEVENTH DEFENSE

The actions of this defendant, by and through its agents and/or employees, complied with all applicable laws and met or exceeded all applicable standards of care.

## EIGHTH DEFENSE

If plaintiffs were injured as alleged in the Complaint, such injuries were the result of the criminal or wrongful acts of third persons and not this defendant, its employees or agents.

## NINTH DEFENSE

If plaintiffs were injured as alleged in the Complaint, such injuries were the result of their sole or contributory negligence and/or assumption of the risk.

## TENTH DEFENSE

Plaintiffs may have failed to mitigate damages.

### ELEVENTH DEFENSE

The doctrine of laches and/or the applicable statutes of limitations may bar this action.

### TWELFTH DEFENSE

Plaintiffs cannot prove facts sufficient to maintain a cause of action against the defendant District of Columbia pursuant to 42 U.S.C. § 1983.

### THIRTEENTH DEFENSE

This defendant denies all allegations of wrongdoing, including, but not limited to, violations of common law, statutory law, statutory and operational standards, and negligence.

### FOURTEENTH DEFENSE

Plaintiffs may have failed to fully comply with the mandatory requirements of D.C. Official Code § 12-309.

### SET-OFF

This defendant claims a set-off for any and all funds paid to plaintiffs by this defendant, including any grants or other public funds made available to plaintiffs or on plaintiffs' behalf.

### JURY DEMAND

This defendant demands a jury trial on all issues so triable.

WHEREFORE, having fully answered, this defendant requests that the plaintiffs' Complaint be dismissed with prejudice, with costs awarded. FURTHER, the defendant reserves the right to amend this answer pursuant to Fed. Rule Civ. Procedure 15.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____/s/_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

_____/s/_____
LAUREN J. BIRNBAUM [483515]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor North
Washington, D.C. 20001
(202) 442-9754; (202) 727-6295
Lauren.birnbaum@dc.gov